UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jacquelyn Fletcher, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>-v.-<br><br>Resurgent Capital Services L.P., and<br>LVNV Funding LLC,<br><br>         Defendants. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jacquelyn Fletcher (hereinafter "Plaintiff"), a Pennsylvania resident, brings this Class Action Complaint by and through her attorneys against Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") and Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") (hereinafter collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692 *et seq*. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing

1

laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.*

2. Congress explicitly stated that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. . ." *Id.*. After determining that the existing consumer protection laws were inadequate Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

## JURISDICTION AND VENUE

4. The Court has federal question jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et. seq.* The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred, Defendant regularly transacts business within this District and Plaintiff is a resident of this District.

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a resident of the State of Pennsylvania, County of Philadelphia.

9. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601, and is registered to accept service of process at c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

10. Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant LVNV is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6) with an address at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601, and is registered to accept service of process at c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

   a. all individuals with addresses in the State of Pennsylvania;

    b. to whom Defendant Resurgent sent two collection letters on or about the same date;

    c. attempting to collect a consumer debt;

    d. on behalf of Defendant LVNV;

    e. that included materially misleading and contradictory language regarding the status of the consumer's dispute as well as the method of communication a consumer must use in order to assert their dispute rights under 15 U.S.C. §§ 1692g;

    f. and that provides inconsistent statements as to the balance of the alleged debt;

    g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A and Exhibit B, violate 15 U.S.C. §§ l692e, 1692f, and/or 1692g.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate §§ l692e, §1692f, and/or § 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

      Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to August 2, 2021, an obligation was allegedly incurred to Citibank, N.A.("Citibank").

23. The Citibank obligation arose out of a transaction in which money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

24. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Upon information and belief, Defendant LVNV purchased the allegedly defaulted debt from Citibank. Therefore, Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

27. Upon information and belief, Defendant LVNV contracted with Defendant Resurgent to collect the allegedly defaulted debt. Therefore, Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29. On or about August 2, 2021, Defendant Resurgent sent Plaintiff two letters (the "Letters") regarding the alleged debt. See attached hereto as Exhibit A, August Letter 1 and as Exhibit B, August Letter 2.

30. On or about August 2, 2021, Defendant Resurgent sent August Letter 1 with the notation "15753425-INITIAL-CS" at the bottom of the page.

31. At the top right corner of August Letter 1, Defendant Resurgent advised:

Account Number: ************8640
Original Creditor: Citibank, N.A.
Current Owner: LVNV Funding LLC
Reference ID: 701362514
Balance: $1,969.12

Accountholder Name: Jacquelyn V. Fletcher

32. August Letter 1 furtherstates:

Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Unifin Inc., the current servicer of this account.

33. The bottom of the letter contains the required statement under § 1692g, stated in its

entirety below:

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt and or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

34. When a debt collector solicits payment from a consumer, it must, within five days of

an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

35. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty-day period … that the debt, or any portion thereof, is disputed… the debt collector shall cease collection … until the debt collector obtains verification of the debt … and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

36. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Russell v. EQUIFAX A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights … violates the Act." *Id.* at 34.

37. The two paragraphs in August Letter 1 clearly contradict each other. The first paragraph states that Defendant Resurgent "has initiated a review of the inquiry recently received" which implies to the least sophisticated consumer that the account is already under review, yet the bottom paragraph says that the consumer can dispute the debt within 30 days.

38. The language is misleading and confusing to the least sophisticated consumer because one paragraph leads her to believe that her account is already under review thus not requiring a debt dispute and another paragraph says that she has thirty days to dispute her debt.

39. Defendants' false statement overshadowed Plaintiff's § 1692g right to have the debt validated since it misleads the Plaintiff to believe that her account is under review and no further dispute is needed.

40. The misleading, and deceptive statement in August Letter 1 impedes the consumer's ability to respond and/or request validation of debt.

41. On or about August 2, 2021, Defendant Resurgent sent Plaintiff an additional correspondence dated August 2, 2021, ("August Letter 2") which included a response to an alleged request forverification of the debt. At the bottom of the page, Defendant Resurgent noted "15753834-VERACS-CS."

42. At the top right corner of August Letter 2, Defendant Resurgent noted:

Account Number: ************8640
Original Creditor: Citibank, N.A.
Current Owner: LVNV Funding LLC
Reference ID: 701362514
Balance: $1,969.12
Accountholder Name: Jacquelyn V. Fletcher

43. August Letter 2 continued:

We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of the debt.

44. Defendant Resurgent enclosed a copy of a document purportedly from Citibank which indicated a balance of $2,004.92.

45. The two statements regarding the balance due clearly contradict each other. On both the first page of the August Letter 1 and the August Letter 2, Defendant Resurgent alleged that the balance due was $1,969.12. However, the supporting documentation from August Letter 2 verifying the debt reflected a higher balance.

46. The correspondence is misleading and confusing to the least sophisticated consumer because when Defendant Resurgent alleged that it verified the debt, it provided documentation which indicated a completely distinct balance amount.

47. The correspondence is further misleading and deceptive because it states an account balance and then "verifies" that the stated balance is not be the same balance.

48. As a result, Plaintiff was misled as to the amount that is actually due and owing.

49. The Plaintiff was easily confused by these misleading statements and was unable to ascertain the exact amount owed on the alleged debt, and if over time the debt would change.

50. Plaintiff sustained an imminent risk of harm in that she was provided with false information about the alleged debt which prevented her from making reasonable decisions about what she actually owed.

51. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

52. These violations by Defendants were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

54. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

55. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

56. Plaintiff was confused and misled to his detriment by the statements in August Letter 2letter, and relied on the contents of the letter to his detriment.

57. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

58. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

59. These violations by Defendant Resurgent and Defendant LVNV were knowing, willful, negligent and/or intentional and Defendants did not maining procedures reasonably adapted to avoid such violations.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

62. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. The use and mailing of August Letter 1 and August Letter 2 violated the FDCPA in one or more of the following ways:

   a. Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e; and

    b.  Making a false and misleading representation in violation of §1692e(10);

    c.  Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A).

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

65. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

67. Pursuant to 15 U.S.C. § 1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

a) The amount of the debt;
b) The name of the creditor to whom the debt is owed;
c) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
d) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
e) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68. Defendants violated 15 U.S.C. § 1692g by mailing August Letter 1 which used contradictory language in regards to the current status of the debt, the method for a dispute, and confused the consumer as to her rights under the FDCPA.

69. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated § 1692g *et seq.* for the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

70. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

72. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

73. Defendant violated this section by unfairly and contradictorily advising Plaintiff of the total balance being sought and separately by sending documentation with a different balance to the Plaintiff on the same day.

74. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jacquelyn Fletcher, individually and on behalf of all others similarly situated demands judgment from Defendant Resurgent and LVNV Funding, as follows:

1. Certifying that this action may be maintained as a class action including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

2. Awarding an incentive award to Plaintiff for her services on behalf of the Class;

3. Awarding Plaintiff and the Class statutory damages 15 U.S.C. § 1692k(a)(2);

4. Awarding Plaintiff and the Class actual damages;

5. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  June 3, 2022                                             Stein Saks, PLLC
                                                                 /s/ Alla Gulchina
                                                                 Alla Gulchina, Esq.
                                                                 PA Bar No. 307014
                                                                 One University Plaza, Suite 620

Hackensack, NJ 07601
Phone: (201) 282-6500
agulchina@steinsakslegal.com
*Attorney for Plaintiff*